IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

    Plaintiff,                               CV F 05 1560 OWW WMW P

    vs.                                      ORDER RE MOTION
                                              TO AMEND THE COMPLAINT
                                              (DOCS 29, 37)

DWIGHT WINSLOW, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).[1]

Plaintiff seeks leave to file an amended complaint. Because no defendant has been served and no response has been entered, Plaintiff's motion is granted pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff is advised that he must set forth all of his claims and allegations in the amended complaint. Plaintiff is also advised of the following deficiencies in

---

[1] This action was transferred to this court from the U.S. District Court for the Northern District of California. The complaint on which this action proceeds seeks damages for allegedly inadquate medical care by doctors at Pelcian Bay State Prison and injunctive medical relief from doctors at Tehachapi State Prison. That court found that Plaintiff is ineligible to proceed in forma pauperis on his claims of inadequate medical care. Specifically, Plaintiff had not alleged facts suggesting imminent injury. Plaintiff is barred from proceeding ifp pursuant to 28 U.S.C. § 1915(g).

the original complaint.

Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the California Department of Corrections.  Plaintiff claims that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Plaintiff's allegations stem from an injury to his shoulder suffered at High Desert State Prison in 2002.  Plaintiff names as defendants the following individuals: Dwight Winslow, Chief Medical Officer; Medical Doctor Allen; Nurse K. Marchand; Nurse Kay Vail.  It is unclear from the complaint which defendants, if any, are employed at Tehachapi State Prison.  Plaintiff's statement of claim consists of two pages of generalized allegations regarding his medical care. Plaintiff refers to "defendants" in general.   Plaintiff does not clearly identify the defendants at Tehachapi, nor does he specifically charge such individual with conduct that meets the above standard.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658

(1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, as noted, grant Plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff's motions for leave to file an amended complaint are granted. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   November 20, 2006**              /s/  **William M. Wunderlich**
mmkd34                                          UNITED STATES MAGISTRATE JUDGE