1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    ANTONIO LUIS WILLIAMS,

8            Plaintiff,                    CV F 05 1560  LJO WMW   P

9        vs.                              _____ORDER TO SHOW CAUSE

10

11   DWIGHT WINSLOW, et al.,

12            Defendants.

13

14           Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging

15   the conditions of his confinement.

16           Plaintiff, an inmate in the custody of the California Department of Corrections at

17   CCI Tehachapi, brings this civil rights action against an un-named physician contracted to treat

18   Plaintiff at Tehachapi.

19           This action was filed in the U.S. District Court for the Northern District of

20   California, and transferred to this court.  Plaintiff filed three cases in that court.  In the order

21   consolidating and transferring the actions to this court, Plaintiff was advised that he has been

22   barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g).  Plaintiff,

23   incarcerated at Pelican Bay State Prison at the time this case was filed, alleged deficient medical

24   care.  Plaintiff was specifically advised of the following:

25           In an order dated December 22, 2004, this Court held that Plaintiff
             generally is barred from proceeding in forma pauperis in federal

26

                                        1

court under the provisions of 28 U.S.C. § 1915(g).  Both prior to and since the entry of that order Plaintiff filed actions seeking to compel prison officials at PBSP to provide him with treatment for an injured shoulder from which he has suffered since prison officials used force against him at High Desert State Prison in 2002.  Plaintiff did receive x-rays at PBSP in May, 2004, and the doctor told him that no injury was present.  Because Plaintiff was not allowed to see the x-rays, however, he objected to the doctor's conclusion and continued to seek additional diagnostic procedures and medical care.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."  28 U.S.C. § 1915(g).

This plaintiff  has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement.  The allegations in this complaint consist of vague references to some orthopedic procedure while Plaintiff was housed at Tehachapi.  A review of the December 15, 2006, amended complaint reveals that Plaintiff has failed to specifically identify a named defendant at Tehachapi, nor alleged any facts indicating that individual engaged in conduct that subjects Plaintiff to imminent danger of serious physical injury.

Accordingly, IT IS HEREBY ORDERED that plaintiff is directed to show cause, within thirty days of the date of service of this order, why his request to proceed in forma pauperis should not be denied.   Failure to file a response will result in an order directing Plaintiff to submit the $350 filing fee in full.

IT IS SO ORDERED.

1   **Dated:   March 8, 2007**          **/s/  William M. Wunderlich**
    mmkd34                          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26