IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

    Plaintiff,                             CV F 05 1560 LJO WMW P

    vs.                                             FINDINGS AND RECOMMENDATION

DWIGHT WINSLOW, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se in a civil rights action challenging the conditions of his confinement.

        Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against an un-named physician contracted to treat Plaintiff at Tehachapi.

        This action was filed in the U.S. District Court for the Northern District of California, and transferred to this court. Plaintiff filed three cases in that court. In the order consolidating and transferring the actions to this court, Plaintiff was advised that he has been barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). Plaintiff, incarcerated at Pelican Bay State Prison at the time this case was filed, alleged deficient medical care. Plaintiff was specifically advised of the following:

> In an order dated December 22, 2004, this Court held that Plaintiff generally is barred from proceeding in forma pauperis in federal

1

court under the provisions of 28 U.S.C. § 1915(g).  Both prior to and since the entry of that order Plaintiff filed actions seeking to compel prison officials at PBSP to provide him with treatment for an injured shoulder from which he has suffered since prison officials used force against him at High Desert State Prison in 2002.  Plaintiff did receive x-rays at PBSP in May, 2004, and the doctor told him that no injury was present.  Because Plaintiff was not allowed to see the x-rays, however, he objected to the doctor's conclusion and continued to seek additional diagnostic procedures and medical care.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."  28 U.S.C. § 1915(g).

This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement.  The allegations in this complaint consist of vague references to some orthopedic procedure while Plaintiff was housed at Tehachapi.  A review of the December 15, 2006, amended complaint reveals that Plaintiff has failed to specifically identify a named defendant at Tehachapi, nor alleged any facts indicating that individual engaged in conduct that subjects Plaintiff to imminent danger of serious physical injury.

Accordingly, on March 9, 2007, an order to show cause was entered, directing Plaintiff to show cause why his application to proceed in forma pauperis should not be be denied pursuant to 28 U.S.C. § 1915(g), and he be  directed to pay the filing fee in full.

On March 23, 2007, Plaintiff filed a response to the order to show cause.  Plaintiff's response is 41 pages long and consists largely of copies of his medical filed and copies of pleadings in other cases that he has filed.   Plaintiff has not made a showing that the operative pleading in this case alleges facts that satisfy the standard set forth in section 1915(g).  The gravamen of Plaintiff's complaint is the quality of the health care he has received.  Because

1  Plaintiff has failed to allege facts indicating an imminent danger of serious physical injury, he
2  can not proceed in forma pauperis.  Should Plaintiff desire to continue in this action and
3  challenge the constitutional sufficiency of his medical care, me must pay the filing fee in full.
4         Accordingly,IT IS HEREBY RECOMMENDED  that:
5         1.  Plaintiff's application to proceed in forma pauperis be denied pursuant to 28
6  U.S.C. § 1915(g).
7         2.  Plaintiff be directed to pay the filing fee, in full, or suffer dismissal of this
8  action pursuant to Local Rule 11-110 for failure to prosecute.
9         These findings and recommendations are submitted to the United States District
10  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
11  thirty days after being served with these findings and recommendations, Plaintiff may file
12  written objections with the court.  Such a document should be captioned "Objections to
13  Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file
14  objections within the specified time may waive the right to appeal the District Court's order.
15  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  IT IS SO ORDERED.
20  **Dated:   June 7, 2007**             **/s/  William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE