IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

       Plaintiff,                CV F 05 1560 LJO WMW P

  vs.                              ORDER

DWIGHT WINSLOW, et al.,

       Defendants.

      On June 7, 2007, findings and recommendations were entered, recommending that Plaintiff's application to proceed in forma pauperis be denied pursuant to 28U.S.C. § 1915(g). The Court found that Plaintiff's complaint failed to allege facts indicating that he is in imminent danger of serious physical injury.

      On July 9, 2007, Plaintiff filed objections to the findings and recommendations. Plaintiff attaches as an exhibit to his objections a copy of an order entered in this case in the U.S. District Court for the Northern District of California. The order referred to by Plaintiff consolidated actions filed in that district and transferred them to this district. That court found that "standing alone, Plaintiff's claims for damages for inadequate medical care do not meet the imminent danger exception to the exhaustion requirement. But, liberally construed, his claims for injunctive medical relief do. Therefore, the Court will not dismiss the complaints under §

1915(g). Because Plaintiff now is incarcerated at Tehachapi State Prison, however, the Court will transfer the complaints to the United States District Court for the Eastern District of California."

This action therefore proceeds on Plaintiff's claims for injunctive medical relief. The Court will grant Plaintiff leave to file an amended complaint that includes his claims for injunctive medical relief only. Plaintiff is advised that the court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not before the court. Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). Plaintiff must name the individual defendant(s) over whom he seeks injunctive relief. Plaintiff is also advised that when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v. Rice, 730 F.2d 1250, 1255 (9th Cir. 1984).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The June 7, 2007, findings and recommendations are vacated.

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:     January 7, 2008**              /s/  William M. Wunderlich
                                            UNITED STATES MAGISTRATE JUDGE

3