IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

    Plaintiff,                       CV F 05 1560 LJO  WMW PC

    vs.                              ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT

                                    (THIRTY DAY DEADLINE)

DWIGHT WINSLOW, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       On June 7, 2007, findings and recommendations were entered, recommending that Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Specifically, Plaintiff has suffered three dismissals that qualify as "strikes" under section 1915(g).  Plaintiff filed objections to the findings and recommendations.

       On September 28, 2007, an order was entered, vacating the findings and recommendations and directing Plaintiff to file an amended complaint.  The order noted that, pursuant to section 1915(g), Plaintiff may not proceed in forma pauperis on his claim for damages, but he may proceed on his claims for injunctive relief.   On January 25, 2008, Plaintiff

1

1  filed a second amended complaint.

2      The second amended complaint contains conclusory allegations regarding Plaintiff's
3  medical care. Plaintiff's statement of claim is rambling, and references treatment to Plaintiff's
4  shoulder. The only specific conduct charged to any defendant is plaintiff's allegation that "Dr.
5  Allen by deliberate indifference refused to acknowledge to treat foreseen dislocated shoulder as
6  was witnessed by calif. Prison Focus as I shown him." Plaintiff attaches as an exhibit copies of
7  his medical record.

8      Plaintiff can not state a claim by leveling conclusory allegations and submitting copies of
9  medical records. Plaintiff must identify specific defendants, and charge each defendant with
10  specific conduct that states a claim for relief. In this case, this action may only proceed on
11  Plaintiff's claim for injunctive relief.

12      Under the Eighth Amendment, the government has an obligation to provide medical care
13  to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In
14  order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
15  must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.
16  Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether
17  medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must
18  examine whether the plaintiff's medical needs were serious. See Id. Second, a court must
19  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id.
20  at 1132.

21      The court finds the allegations in plaintiff's second amended complaint to be vague and
22  conclusory. The court has determined that the complaint does not contain a short and plain
23  statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible
24  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
25  succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff

26

must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to

1 file an amended complaint in accordance with this order will result in a recommendation that this
2 action be dismissed.

5 IT IS SO ORDERED.

6 **Dated:  April 17, 2008**            /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE

4