IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS,

        Plaintiff,                       1:05 CV 1560 LJO WMW PC

        vs.                             FINDINGS AND RECOMMENDATION

                                    (THIRTY DAY DEADLINE)

DWIGHT WINSLOW, et al.,

        Defendants.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

On June 7, 2007, findings and recommendations were entered, recommending that Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Specifically, Plaintiff suffered three dismissals that qualify as "strikes" under section 1915(g). Plaintiff filed objections to the findings and recommendations.

On September 28, 2007, an order was entered, vacating the findings and recommendations and directing Plaintiff to file an amended complaint.  The order noted that, pursuant to section 1915(g), Plaintiff may not proceed in forma pauperis on his claim for damages, but he may proceed on his claims for injunctive relief.  On January 25, 2008, Plaintiff filed a second amended complaint.

The second amended complaint contained conclusory allegations regarding Plaintiff's medical care.  Plaintiff's statement of claim was rambling, and referred to treatment of his shoulder.  The only specific conduct charged to any defendant is Plaintiff's allegation that "Dr. Allen was witnessed by Calif. Prison Focus as I shown him."  Plaintiff attaches as an exhibit copies of his medical record.

In an order entered on April 17, 2008, Plaintiff was advised that he could not state a claim by asserting conclusory allegations and submitting copies of his medical records.  Plaintiff was advised that he must identify specific defendants, and charge each defendant with specific conduct that states a claim for relief.  Plaintiff was advised of the legal standard for pleading an Eighth Amendment claim for deliberate indifference.  The second amended complaint was dismissed with leave to file a third amended complaint, which is before the court.

In the third amended complaint, Plaintif fails to correct the deficiencies identified in the April 17, 2008, order.  Plaintiff makes generalized allegations regarding his medical care, and concludes that Dr. Allen assaulted him.   The third amended complaint does not include some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has been granted ample opportunity to file an amended complaint that meets the standards set for in 28 U.S.C. § 1915(g).  The third amended complaint fails to allege any facts that indicate Plaintiff is in imminent danger of serious injury.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's  application to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).

2.  Plaintiff be directed to submit, within thirty days of the date of service of this order, the $350 filing fee in full.  Plaintiff's failure to do so will result in dismissal of this action

pursuant to Local Rule 11-110 for failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 3, 2008                        /s/  William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE